# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CLYBERT ZUNIE,

    Plaintiff,

vs.                                                      Civ. No. 18-1219 WJ/SCY

ALEX M. AZAR, II, SECRETARY OF
THE U.S. DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE
## and
## ALLOWING PLAINTIFF TO AMEND COMPLAINT

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss, filed May 15, 2019 **(Doc. 11)**. Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's motion is well-taken and, therefore, is granted.

## BACKGROUND

Plaintiff works as an Emergency Management Specialist GS-11 for the United States Department of Health and Human Services. He alleges that he is the only male working in his department and that he was subjected to a hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. In this motion, Defendant seeks an Order dismissing Plaintiff's complaint without prejudice and granting Plaintiff leave to amend in order to comply with the Federal Rules of civil Procedure.

The Complaint alleges sex discrimination and retaliation (Counts I and II, respectively), both based on a hostile work environment. The facts in the complaint are discrete and few:

- The hostile work environment started in the spring of 2017, and consisted of being ignored in meetings, being subjected to derogatory comments, and being mocked by his supervisor.

- On May 11, 2017, Plaintiff was physically assaulted by his supervisor. The supervisor grabbed him and shook him violently and yelled at him that he was going to get fired.

- Plaintiff reported his supervisor to security and filed a report.

- After reporting, Plaintiff was told to move his office. Shortly after moving, Plaintiff was required to move back to his original office.

- During subsequent meetings, Plaintiff was ignored and not acknowledge at Department meetings. Plaintiff's supervisor joked with other female staff that they needed to come up with a code to yell at her the next time she physically assaulted Plaintiff.

- On May 24, 2017, Plaintiff was terminated.

Compl., ¶¶9-15. Defendant moves for dismissal without prejudice under Rule 12(b)(6) and Rule 8.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a case for failure to state a claim upon which relief can be granted. Rule 8(a)(2), in turn, requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, in order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept all the complaint's factual allegations as true, the same is not true of legal conclusions. *Id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual

allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

A complaint that violates Rule 8 must be dismissed under Federal Rule of Civil Procedure 12(b)(6). Plaintiff contends that his complaint is sufficient, apparently believing that the complaint contains enough facts from which the Court can connect the dots to form a plausible Title VII claim, but the Court agrees with Defendant that the complaint does not meet the *Iqbal/Twombly* standard.

Defendant offers two relevant cases to illustrate its position. In *Khalik v. United Air Lines*, 671 F.3d 1188 (10th Cir. 2012), the Tenth Circuit affirmed the district court's dismissal of plaintiff's claims of discrimination and retaliation. The plaintiff, a former business services representative for United Airlines, alleged that even though she had "performed her job well at all times," she was "physically assaulted in the office (grabbed by the arm)" and she was "subjected to a false investigation and false criticism" of her work. Plaintiff alleged that she "complained internally" about discrimination. *Id*. at 1190. Plaintiff further alleged she was "targeted because of her race, religion, national origin, and ethnic heritage" (Muslim/Arab) and that the "reasons given for her termination and other mistreatment" were "exaggerated and false." *Id*. The Tenth Circuit found: (1) the complaint did not contain any facts relating to the alleged discrimination; (2) plaintiff's assertions of being "targeted because of her race" and being subjected to a "false investigation") were conclusory; and (3) plaintiff's remaining allegation of retaliation were not sufficiently alleged because there was "no context for when Plaintiff complained, or to whom, nor were there any allegations of similarly situated employees who were treated differently." *Id*. at 1194.

In *Wassner v. Christus St. Vincent Regional Medical Center*, the District of

New Mexico analyzed a plaintiff's retaliation claim under *Iqbal/Twombly* and held that plaintiff did not allege facts giving rise to a plausible claim. No. 13-cv-954, 2014 WL 12235192, at *3, 5-6 (D.N.M. Sept. 29, 2014). The plaintiff in that case was a trauma surgeon who had been terminated after complaining that the facility was not "prepared to be a Level II trauma center." The district court found that plaintiff's statement did not constitute "protected opposition to discrimination under Title VII, because "an employee's complaints regarding unfair treatment, no matter how unconscionable, cannot be 'protected opposition to discrimination' unless the basis for the alleged unfair treatment is some form of unlawful discrimination in violation of Title VII.'" *Id.* (quoting *Faragalla v. Douglas Cty. Sch. Dist.*, 411 F. App'x 140, 148 (10th Cir. 2011).)

## I. Retaliation Claims

To state a *prima facie* case for retaliation under Title VII, the plaintiff must show (1) he "engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." Id. at 1193 (citations omitted). Title VII does not prohibit all distasteful practices by employers. Opposition to an employer's conduct is protected by § 2000e 3(a) only if it is opposition to a "practice made an unlawful employment practice" by Title VII. *Petersen v. Utah Dept. of Corrections* 301 F.3d 1182 (10th Cir. 2002) ("to oppose plain vanilla rude and unfair conduct . . . is not to oppose conduct 'made an unlawful practice by [Title VII].'").

Here, Plaintiff alleges in the complaint that he reported his (unnamed) supervisor to security for assaulting him, but makes no reference at all to his sex or other protected characteristics, and asserts no facts to suggest that he engaged in activity that is protected by Title VII's prohibition on retaliation. *See Sims v. Workplace Sols., Inc.,* No. 12-cv-724, 2012 WL

4953057, at *1 (D. Okla. Oct. 17, 2012) (dismissing retaliation claim, because plaintiff "alleged no facts in support of her contention that she engaged in protected activity"); *see also Anderson v. Acad. Sch. Dist. 20*, 122 F. App'x 912, 916 (10th Cir. 2004) ("a vague reference to discrimination and harassment without any indication that this misconduct was motivated by race (or another category protected by Title VII) does not constitute protected activity and will not support a retaliation claim"); *Goddard v. Artisan Earthworks, LLC*, No. 09-cv-2336, 2010 WL 3909834, at *6 (D. Kan. Oct. 1, 2010) (dismissing Title VII retaliation claim and explaining that "[f]iling police reports are not typically protected activity under Title VII.").[1]

The Court agrees with Defendant that Plaintiff has not sufficiently alleged his retaliation claim and that he should be given another opportunity to amend the complaint to conform to *Iqbal-Twombly* standards. Count II will therefore be dismissed without prejudice, and Plaintiff may amend the complaint to conform to Rule 12(b)(6) and Rule 8.

## II.    Discrimination/Hostile Environment Claims

Plaintiff will also be given an opportunity to amend his complaint with regard to the discrimination claim. Title VII's prohibition against sex discrimination includes a ban on sexual harassment. *Harris v. Forklift Sys., Inc*, 114 S.Ct. 367, 370 (*Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 65 (1986)).

Plaintiff's factual allegations are vague and do not give rise to a plausible sex discrimination claim. In *Khalik,* the Tenth Circuit concluded that plaintiff, who alleged that she had been "grabbed by the arm in the office" and had "complained internally about discrimination"

---

[1] In his response, Plaintiff states the he engaged in protected activity by reporting his supervisor to security and filing a police report. Doc. 15 at 4. Before filing an amended complaint, the Court advises Plaintiff's counsel to review case law regarding Title VII, including what is considered protected activity for retaliation claims.

had failed to meet the pleading requirements under *Iqbal/Twombly*. 671 F.3d at 1188. As the court stated:

> [Plaintiff] should know who grabbed her by the arm, what the context for that action was, and when it occurred. She should know why she believed that action was connected with discriminatory animus. She should know who she complained to about the discrimination, when she complained, and what the response was. She should know who criticized her work, what that criticism was, and how she responded. But in fact, Plaintiff offers none of this detail. To be sure, we are not suggesting a court necessarily require each of the above facts. But a plaintiff must include some further detail for a claim to be plausible.

*Khalik v. United Air Lines*, 671 F.3d 1188, 1194 (10th Cir. 2012). Here, Plaintiff contends that his termination was discriminatory but offers no facts other than the termination itself to suggest an impermissible motive on Defendant's part.

Plaintiff also alleges that he was assaulted by his supervisor who yelled at him and told him he was going to get fired, and that he reported the incident to security and filed a report—but there are no facts suggesting that the supervisor's conduct was motivated by discriminatory intent against Plaintiff because he is male. The supervisor could just as easily have yelled at Plaintiff because he did a poor job or even because he is not a likeable sort of guy, both of which do not constitute instances of discrimination. *See, e.g., Mitchell v. ESPY*, 845 F.Supp. 1474, 1493 (D. Kan. 1994) (dislike is not a pretext for discrimination); *Rakovich v. Wade*, 850 F.2d 1180, 1192-93 (7th Cir. 1987) (generic dislike is not retaliation). *Montano v. Donahoe*, No. CV 14-0634 WJ/GJF, 2017 WL 3412102, at *15 (D.N.M. Mar. 22, 2017), *aff'd sub nom. Montano v. Brennan*, 718 F. App'x 690 (10th Cir. 2017); *Kott v. Rumsfeld*, 74 F. App'x 777 (9th Cir. 2003) (supervisor's apparent dislike for federal employee was insufficient to create triable issue of fact as to whether employee's discharge was result of national origin or age discrimination). Even taking all of Plaintiff's facts to be true, they are still insufficient to allege a claim of discrimination. *See Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (plausibility refers "to the scope of the

allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible").

Plaintiff's sex discrimination claim includes a hostile environment claim, which is also presented in a conclusory fashion. He describes the hostile work environment as being subjected to derogatory comments and being mocked by his supervisor; not being acknowledged at meetings after the alleged assault by his supervisor and jokes made by his supervisor about the assault with other female employees. What is noticeably missing here is any link between this conduct and Plaintiff's gender—without which there can be no hostile environment claim. *Stahl v. Sun Microsystems, Inc.*, 19 F.3d 533, 538 (10th Cir.1994) ("If the nature of an employee's environment, however unpleasant, is not due to her gender, she has not been the victim of sex discrimination as a result of that environment."). Yelling, or neutral verbal abuse, without more, is not actionable under Title VII. *See, e.g., Holtz v. Marcus Theatres Corp.*, 31 F.Supp.1139 (N.D.Ill.1999) ("Merely yelling at female employees and calling them names does not rise to the level of an actionable hostile work environment"); *Hardin v. S.C. Johnson & Son, Inc.*, 167 F.3d 340, 345-46 (7th Cir.1999) ("persistent cursing and use of abusive language" is not harassment where there is nothing "inherently. . . discriminatory" about the comments); *Chavez v. New Mexico*, 397 F.3d 826, 833 (10th Cir. 2005) (The "plaintiff must produce evidence that she was the object of harassment *because of her gender*") (emphasis in original).

Therefore, Plaintiff's sex discrimination /hostile environment claim does not meet *Iqbal/Twombly* standards.

## CONCLUSION

In sum, the Court finds and concludes that Plaintiff has not alleged plausible claims of sex discrimination and retaliation under the *Iqbal/Twombly* standard. Plaintiff insists that the allegations in his complaint meet the low threshold for meeting a *prima facie* case of discrimination and retaliation. However, Plaintiff overlooks the fact that while establishing a *prima facie* case is not onerous, *see McCowan v. All Star Main., Inc.,* 273 F.3d 917, 922 (10th Cir. 2001), he still must allege *enough* facts to support a plausible claim. He must still plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This Plaintiff has not done for reasons described above, and his complaint will be dismissed without prejudice.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Dismiss **(Doc. 11)** is hereby GRANTED for reasons described in this Memorandum Opinion and Order:

(1) Plaintiff's complaint is hereby **DISMISSED WITHOUT PREJUDICE**; and

(2) Plaintiff may AMEND the complaint **WITHIN THIRTY (30) DAYS FROM THE ENTRY OF THIS ORDER. IN THE EVENT THAT PLAINTIFF FAILS TO AMEND THE COMPLAINT BY THAT TIME, DEFENDANT MAY FORMALLY REQUEST DISMISSAL WITH PREJUDICE OF PLAINTIFF'S COMPLAINT.**

_____
CHIEF UNITED STATES DISTRICT JUDGE