# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CLYBERT ZUNIE,

    Plaintiff,

vs.                                                                           No. 18-cv-1219 WJ/SCY

ALEX M. AZAR, II, SECRETARY OF
THE U.S. DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (**Doc. 32**.) This Court previously dismissed Plaintiff's initial Complaint and granted him leave to file an amended complaint to remedy the defects in his pleading. (Doc. 28.) Defendant now moves for dismissal of the First Amended Complaint ("FAC") (Doc. 29), alleging that Plaintiff has not cured those fatal flaws. Have reviewed the parties' pleadings and considered the applicable law, the Court finds that Defendant's motion is well-taken and is, therefore, **GRANTED**.

## BACKGROUND

This is an employment case wherein Plaintiff alleges that he was subjected to sex-based discrimination and retaliation. (Doc. 29 ¶ 1.) Plaintiff was employed as an Emergency Management Specialist (GS-11) and was the only male in his department, the location of which is unknown, as Plaintiff did not state where he worked in his FAC. (*Id.* ¶¶ 7,8.) Plaintiff alleges that

he was subjected to a hostile work environment by a "new supervisor," although he declined to identify the supervisor by name. (*Id.* ¶ 9.)

In his initial Complaint, Plaintiff failed to specify facts regarding what mistreatment he was subject to and how the treatment was discriminatory. In his FAC, Plaintiff alleges that he was ignored in meetings, subjected to derogatory comments, and mocked. (*Id.* ¶¶ 10, 12, 14.) He further asserts that he was assigned extra duties and denied training. (*Id.* ¶¶ 11, 13.) He also alleges that he was not given any praise for his performance and that on one occasion his supervisor physically assaulted him, grabbing him by the arm and yelling at Plaintiff that he would be fired. (*Id.* ¶¶ 14, 15.) Plaintiff offers a general allegation tacked on to each claim that none of the female employees (which, according to Plaintiff's FAC, is all other employees) were subjected to similar mistreatment. (*See generally id.*)

Defendant argues that none of Plaintiff's allegations state a plausible claim that he was mistreated because of his sex, nor that he was terminated in retaliation for reporting the alleged mistreatment. Defendant now moves for dismissal of both of Plaintiff's claims. (Doc. 32.)

## DISCUSSION

### I. Legal Standard under Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Complaints which are nothing more than "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Although

a court must accept all the complaint's factual allegations as true, the same is not true of legal conclusions, including legal conclusions couched as factual allegations. *Id.* at 555–56.

Accordingly, "in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). In deciding whether the plaintiff has adequately stated a claim for relief, we view "the totality of the circumstances as alleged in the complaint in the light most favorable to [the plaintiff]." *Jones v. Hunt*, 410 F.3d 1221, 1229 (10th Cir. 2005). The key question is whether a plaintiff has nudged his or her claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## II. Plaintiff Has Failed to State Plausible Claims.

### A. Sex Discrimination

Plaintiff's first claim is for sex discrimination. He alleges not only was he discriminated against in the terms and conditions of his employment, but also that he was subjected to a hostile work environment. (Doc. 29 ¶¶ 22–25.) Defendant challenges this claim as based on vague and conclusory allegations and because the allegations do not give rise to the inference that the (unnamed) supervisor was driven by an impermissible motive. As such, Defendant argues, Plaintiff failed to state a prima facie case for discrimination.

The keystone of a sex discrimination claim is establishing that Plaintiff's "sex was a determining factor in the challenged decision." *Aquilino v. Univ. of Kan.*, 83 F. Supp. 2d 1248, 1254 (D. Kan. 2000) (citing *Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 557 (10th Cir. 1996)). Plaintiff may prove a violation "either by direct evidence of discrimination or by following the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Khalik*

*v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (internal citation omitted). *McDonnell Douglas* is a burden shifting framework which first requires the plaintiff to first prove a prima facie case of discrimination. *Id.* To establish a prima facie case, Plaintiff must establish that his "employer took adverse employment action against [him] *based on [his] sex*." *Hiatt v. Colo. Seminary*, 858 F.3d 1307, 1316 (10th Cir. 2017) (emphasis added).

Additionally, to prevail on a hostile work environment theory sex discrimination claim, Plaintiff must show that (1) he was subjected to sex based harassment and that (2) the harassment was sufficiently severe and pervasive "such that it altered the terms or conditions of her employment and created an abusive working environment." *Morris v. City of Colo. Springs*, 666 F.3d 654, 663 (10th Cir. 2012). To state a plausible claim for sex-based harassment under Title VII, Plaintiff must show "that [he] was the object of harassment *because of* [*his*] *gender*." *Chavez v. New Mexico*, 397 F.3d 826, 833 (10th Cir. 2005) (emphasis in original) (citing *Penry v. Fed. Home Loan Bank*, 155 F.3d 1257, 1261 (10th Cir. 1998)). Harassment alone, however pervasive and severe, is not enough to sustain a *sex* discrimination claim. *Id.*

Plaintiff responds to Defendant's Motion by citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–11 (2002), for the proposition that he is not required to prove a prima facie case to survive a motion to dismiss and by arguing that the FAC gives Defendant "fair notice" of Plaintiff's claims. (Doc. 34 at 3.) But *Swierkiewicz* was decided years before the United States Supreme Court's decisions in *Twombly* and *Iqbal* rejected mere notice pleading. What is more, the Tenth Circuit has reevaluated *Swierkiewicz* in light of *Twombly/Iqbal* and held that while a Plaintiff need not establish a prima facie case to survive a 12(b)(6) motion to dismiss, the elements of a cause of action "help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (internal citation omitted); *see also id.* at 1193 ("while

4

Plaintiff is not required to set forth a prima facie case for each element, she is required to set forth plausible claims").

Even assuming Plaintiff's factual allegations to be true and viewing them in the light most favorable to Plaintiff, nothing in the FAC allows the Court to infer improper sex-based animus against Plaintiff. While his allegations certainly describe an unpleasant working environment, those allegations are not enough to sustain a sex-based discrimination/hostile work environment claim. *See Stahl v. Sun Microsystems, Inc.*, 19 F. 3d 533, 538 (10th Cir. 1994) ("If the nature of an employee's environment, however unpleasant, is not due to [his] gender, [plaintiff] has not been the victim of sex discrimination as a result of that environment.") Plaintiff essentially asks the Court to assume that because he was the only man in his department and he was subjected to mistreatment, sex discrimination must have occurred since it did not happen to any of the women who worked there. But Plaintiff asks the Court to do too much with too little in terms of factual allegations. Even after being allowed to amend, Plaintiff offers no facts other than the mistreatment itself to suggest impermissible motive on Defendant's part. Again, noticeably missing here is any link between the supervisor's conduct and Plaintiff's gender—without which there can be no hostile environment claim. (*See* Doc. 28.) As this Court has already explained, "[t]he supervisor could just as easily have yelled at Plaintiff because he did a poor job or even because he is not a likeable sort of guy, both of which do not constitute instances of discrimination." (*Id.* at 6.)

Therefore, the Court concludes that Plaintiff has failed to state a claim for sex discrimination.

**B.     Retaliation**

Plaintiff also makes a claim for retaliation. Defendant argues that this claim fails because Defendant has not plausibly pleaded that he engaged in protected opposition. (Doc. 32 at 5.)

Title VII prohibits employers from retaliating against an employee for opposing "any practice made an unlawful employment practice." 42 U.S.C. § 2000e-3(a). To state a prima facie claim for retaliation, Plaintiff must plead facts that plausibly show 1) he engaged in "protected opposition to discrimination" or "protected conduct," 2) he was subject to materially adverse action or action that a reasonable employee would consider materially adverse, and 3) a causal connection existed between the protected activity and the materially adverse action. *Argo v. Blue Cross and Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1202 (10th Cir. 2006). The elements of a prima facie claim for retaliation are illustrative, but not conclusive, in determining whether Plaintiff has sufficiently pleaded his claim. *See Khalik*, 671 F.3d at 1192 (internal citation omitted).

"Protected opposition can range from filing formal charges to voicing informal complaints to superiors." *Fye v. Oklahoma Corp. Commission*, 516 F.3d 1217, 1218 (10th Cir. 2008) (citation omitted). Importantly, Plaintiff need *not* establish the illegality of the allegedly discriminatory action, only that "when [he] engaged in protected opposition, [he] had a reasonable good-faith belief that the opposed behavior was discriminatory." *Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014, 1016 (10th Cir. 2004). Accordingly, "[a] meritorious retaliation claim will stand even if the underlying discrimination claim fails." *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 533 (10th Cir. 1998). That said, opposition to an employer's conduct is protected only if it is opposition to a "practice made an unlawful employment practice" by Title VII. *Petersen v. Utah Dept. of Corrections*, 301 F.3d 1182, 1188 (10th Cir. 2002) ("to oppose plain vanilla rude and unfair

conduct . . . is not to oppose conduct made an unlawful practice by [Title VII].") (internal quotation marks omitted).

Having had his retaliation claim rejected by this Court once before, Plaintiff attempts to cure his vague reference to a report by asserting that he reported "the assault and the discriminatory treatment" to Security. (*Compare* Doc. 1 ¶¶ 12–13 *with* Doc. 29 ¶¶ 16–17.) He argues that this allegation is now sufficient to state a claim for retaliation. But Plaintiff's formulaic recitation referencing "discriminatory treatment" is not enough to make his retaliation claim plausible. There are no factual allegations that would allow the Court to infer that Plaintiff's report to security was based on his sex. Because the FAC does not plausibly state that Plaintiff's report was based on his sex, it cannot be said to be protected opposition within the meaning of Title VII. *See Anderson v. Acad. Sch. Dist. 20*, 122 F. App'x 912, 916 (10th Cir. 2004) ("a vague reference to discrimination and harassment without any indication that this misconduct was motivated by race (or another category protected by Title VII) does not constitute protected activity and will not support a retaliation claim").

Accordingly, the Court finds that Plaintiff has failed to state a claim for retaliation.

## CONCLUSION

Plaintiff's FAC does not remedy the fatal defects that warranted dismissal of his initial Complaint. The FAC fails to state claims for sex discrimination and retaliation. Accordingly, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's claims are **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE